# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VALERIE S. TURNER,
        Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
        Agency.

DOCKET NUMBER
DC-0752-13-0544-I-1

DATE: September 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Valerie S. Turner</u>, Fort Washington, Maryland, pro se.

<u>Tracy L. Gonos</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      Effective December 31, 2012, the appellant retired from her GS-13 Human Resources Specialist position. Initial Appeal File (IAF), Tab 1 at 2. On January 16, 2013, she filed an equal employment opportunity (EEO) complaint against the agency alleging she was constructively discharged based on reprisal for EEO activity. *Id.* at 3. In a letter dated March 15, 2013, the agency's Complaints Manager notified the appellant of her mixed-case appeal rights. *Id.* at 3-4. The appellant then filed this appeal of her alleged involuntary retirement. IAF, Tab 2. In a show cause order, the administrative judge informed the appellant that a retirement is presumed to be voluntary and not within the Board's jurisdiction. IAF, Tab 4 at 2. The administrative judge stated that the appellant would be granted a jurisdictional hearing only if she made nonfrivolous allegations of fact that could support a prima facie case of involuntariness. *Id.* at 3. The administrative judge also ordered the appellant to file evidence and argument on the jurisdictional issue. *Id.* at 3-4. In response to the show cause order, the appellant submitted a narrative statement and evidence. IAF, Tab 5. The agency then filed a response to both the show cause order and the appellant's narrative statement. IAF, Tab 11. Without holding the requested hearing, the

administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 1, 11-12.

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response to the petition for review.

The appellant has established good cause for untimely filing her petition for review.

¶4 Generally, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the administrative judge issued the initial decision on August 19, 2013, and the certificate of service reflects that the appellant received the initial decision through email on that date. ID at 1, 17. In the initial decision, the administrative judge informed the parties that the initial decision would become the Board's final decision if neither party filed a petition for review by September 23, 2013. ID at 12; *see* 5 C.F.R. § 1201.113. The appellant filed a petition for review on January 2, 2014, more than 3 months past the initial decision's finality date. PFR File, Tab 1. Although the appellant claims in her petition for review that she previously filed a petition for review on September 24, 2013, the Office of the Clerk of the Board does not have any record of receiving such a petition. *Id.* at 2; PFR File, Tab 2 at 1. In an acknowledgment letter, the Office of the Clerk of the Board informed the appellant that her petition for review was untimely filed and she could file a motion with the Board to accept her filing as timely or to waive the time limit for good cause. PFR File, Tab 2 at 2. The appellant did not file such a motion.

¶5 The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Armstrong v. Department of the Treasury*, 115 M.S.P.R. 1, ¶ 5 (2010), *aff'd*, 438 F. App'x 903 (Fed. Cir.

2011); 5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause for the untimely filing of a petition for review, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Armstrong*, 115 M.S.P.R. 1, ¶ 5.  The appellant here acted with due diligence once she became aware of new evidence, which she claims establishes a nonfrivolous allegation of jurisdiction.  The record reflects that the appellant filed her petition for review on January 2, 2014, less than 2 weeks after the date the evidence in question was created on December 20, 2013.  PFR File, Tab 1.  We find that the appellant was diligent in filing her petition after discovering the new evidence and thus has established good cause to waive the time limit for filing her petition for review.  *See Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1363 (Fed. Cir. 2010).

The appellant failed to make a nonfrivolous allegation that her retirement was involuntary due to intolerable working conditions.

¶6        An employee-initiated action, such as a retirement, is presumed to be voluntary and thus outside the Board's jurisdiction.  *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007).  An involuntary retirement is tantamount to a removal, however, and is therefore subject to the Board's jurisdiction.  *Id.*  To overcome the presumption that a retirement is voluntary, an employee must show that the retirement was the product of agency misinformation, deception, or coercion.  *Id.*, ¶ 19.  The touchstone of voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice.  *Id.*  The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness.  *Id.*, ¶ 20.

¶7        To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the retirement, the employee had no realistic alternative but to retire, and the retirement was the

result of improper acts by the agency. *Id.*, ¶ 19. Where, as here, intolerable working conditions are alleged, the Board will find an action involuntary only if the employee demonstrates that the agency engaged in an improper course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to retire. *Id.*, ¶ 20; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) (an appellant must show improper agency action in a constructive adverse action appeal).

¶8        The appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Vitale*, 107 M.S.P.R. 501, ¶ 17; 5 C.F.R. § 1201.56(a)(2)(i). An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 6 (2009).

¶9        The appellant submitted below an eight-page narrative statement of her interactions with her coworkers and supervisors from the time her supervisor came into her office until her retirement. IAF, Tab 5 at 3-10. In her narrative statement, the appellant alleged as intolerable work conditions: being treated as incompetent; being criticized, disrespected, harassed, falsely accused, and bullied; and feeling beaten down, distraught, stressed, humiliated, and as if life were unbearable and she were being set up to fail. *Id.* The appellant also described specific instances of conflict with her supervisor concerning work assignments, office policies, office meetings, denial of annual leave, a low performance appraisal, a 14-day suspension, and a charge of absence without leave. *Id*. at 3-10, 12-24. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are

generally not so intolerable as to compel a reasonable person to resign. *Miller v. Department of Defense*, [85 M.S.P.R. 310](), ¶ 32 (2000). Additionally, an employee is not guaranteed a stress-free working environment. *Id.* The appellant also alleged in her narrative statement that her supervisor threatened her with disciplinary action and a low performance appraisal. IAF, Tab 5 at 6, 8. She asserted in her initial appeal form that the agency "wanted [her] gone" and left her no choice but to be fired or reassigned, or to retire. IAF, Tab 2 at 4. These contentions do not nonfrivolously allege that the agency effectively denied her freedom of choice because she voluntarily chose to retire instead of challenging any potential actions if and when they occurred. *See Schultz v. U.S. Navy*, [810 F.2d 1133](), 1136 (Fed. Cir. 1987) ("[W]here an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act."). The appellant also failed to make a nonfrivolous allegation that the agency engaged in any improper action.[2] *See Bean*, [120 M.S.P.R. 397](), ¶ 11. Thus, we find that the administrative judge properly dismissed the appellant's appeal for failure to make a nonfrivolous allegation of an involuntary retirement based on intolerable working conditions.

¶10 On review, the appellant alleges that her supervisor has been reassigned because of her "demoralizing management style along with complaints from customers and her own Human Resources Staff members." PFR File, Tab 1 at 2. The appellant also submits evidence of her supervisor's reassignment consisting of an email stating that there is a new acting Human Resources Officer and that the supervisor will be assisting with "several high priority projects." *Id.* at 3. In order to warrant a different outcome from that of the initial decision, the

---

[2] The appellant's assertions that the agency improperly failed to give her a signed copy of the suspension letter and left the suspension letter in a copy or fax machine still do not nonfrivolously allege that the agency constructively forced her to retire. IAF, Tab 5 at 5, 22.

appellant must make a nonfrivolous allegation that her retirement was involuntary and thus within the Board's jurisdiction. The new evidence and argument submitted on review are not material because they do not nonfrivolously allege that the agency committed improper actions that coerced the appellant into retiring. If taken as true, the appellant's new evidence and argument may corroborate her allegation of unpleasant working conditions and show that other employees in the office also conflicted with the supervisor, but they do not nonfrivolously allege that a reasonable person in the appellant's position would have felt compelled to retire. Therefore, the appellant's evidence and argument on review provide no reason to disturb the administrative judge's decision to dismiss the appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.